```
1  CONCETTA MANZANO S                         ELECTRONICALLY FILED
   GEORGE F SEMEIL JR.
2  P.O. BOX 196                                    FILED
                                              CLERK, U.S. DISTRICT COURT
3  PALM SPRINGS CA 92262                            4/12/23
   (408) 364-6396
4  Petitioners, in pro per                   CENTRAL DISTRICT OF CALIFORNIA
                                             BY:  D. Lewman   DEPUTY

5  No CV-30                                    IFP Submitted
6
7         UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA
8                          EASTERN DIVISION OF RIVERSIDE
9
   CONCETTA MANZANO S.                  Case No.:  5:23-CV-00643-JGB (SPx)
10 GEORGE F. SEMEIL JR.,
11
                                        NOTICE TO All DEFENDANTS AND
12            Plaintiff,                CLERK OF THE SUPERIOR COURT
                                        OF REMOVAL OF CIVIL ACTION
13 vs.                                  TO UNITED STATES DISTRICT
                                        COURT UNDER 28 U.S.C. § 1332(a)
14                                      AND 28 U.S.C. § 1441(b)
   WILMINGTON TRUST NATIONAL
15 ASSOCIATION.
   BARRETT DAFFIN & FRAPPIER TREADER
16 & WEISS, LLP.                        COMPLAINT FILED: RIVERSIDE
   PAUL BOUDIER /DANCE HALL             SUPERIOR COURT APRIL 22, 2022, CASE
17 INVESTERS                            NO: CVPS2201554.
   A/K/A.THINKREALESTATE.NET,           CASE TRANSFERRED JANUARY 23, 2023
18 DIVISION OF KELLY WILLIAMS REALTY.   TRIAL DATE: NONE SET:
19 MORTGAGE ELECTRONIC SYSTEM (AKA      District Judge: ___
   "MERS"). KIMBERLY BIGHAM             Magistrate Judge: ___ ___
20 PRESIDENT FAY SERVICING.
21 KRISTINA PELLETIER.
   LAWRENCE D. HARRIS.
22 KRISTY FERCHO.
23 LEESA WHITT-PORTER.
   LEIGH CURRAN
24 ARNOLD L GRAFF. and DOES 1 through 50
25
             Defendant
26
27
28
                                      1
```

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION OF RIVERSIDE AND TO ALL DEFANDANTS ATTORNEY OF RECORD, AND CLERK OF THE SUPERIOR COURT.

PLEASE TAKE NOTICE THAT Plaintiffs Concetta Manzano S and George F Semeil Jr. disable senior citizens remove this action from the Placer County Superior Court to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a) and (c), and 1446, because Plaintiffs action presents a federal question by asserting claims under the Americans With Disabilities Act of 1990 ("ADA") [42 U.S.C. §§ 12101, et seq.]. These facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below:

**ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET Pursuant to 28 U.S.C. §1446(d),**

Plaintiffs have given written notice of the removal of this action to all parties and will file a copy of that Notice with the Superior Court of California, County of Placer True and correct copies of the notice to Plaintiff and to the state court will be filed promptly in this Court. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by Exhibit A, which is a copy of the Complaint process,

## PROCEDURAL HISTORY

On April 27, 2022, Plaintiffs Concetta Manzano S and George Semeil commenced the aforementioned action against defendants in the counter of residence Riverside Superior Court Palm Springs Branch Case NO: CVPS2201554. (see Exhibit "A")

Defendants KRISTINA PELLETIER and PAUL BOUDIER a/k/a DANCE HALL INVESTERS mislead the court to transferred the Case to Placer County 587 miles from Plaintiffs who are disable and Senior Citizens Residence in Palm Springs CA, a jurisdiction both defendants have boasted to have friends and business associates who sit on court and would rule in the favor.

This is a case against Individuals who conspired to perpetrate a massive fraud against Concetta Manzano and George Semeil Disable Senior Citizens in the State of California.

The Trial court in El Dorado County was biased against the Plaintiffs and denied them due process and ruled in favor of defendants.

Plaintiffs as senior citizens with disabilities were forced out of their home by the defendants and relocated to Palm Springs with the help of relatives at an enormous financial burden.

There is continuing bias against Plaintiffs from individuals within the El Dorado and Placer Counties Superior Court systems, due to their financial interest or quasi relationships with some of the defendants. Plaintiffs no longer have any interest properties in El Dorado County, or Placer County since the fraud perpetrated against them resulted in being forced out of their home of 18 years by the defendants.

This case has multiple defendants, most residing out of the State of California, and some have not even been served with the Complaint. It is unfair to Plaintiffs; the Superior Court of Placer

3

County court is about to make a future ruling based on misleading declaration by two defendants known to manipulate the courts against nonwhite Plaintiffs.

This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure in that each of the Defendant was originally served with a copy of the Complaint. And the Superior Court has taken no action on any documents filed by defendants. More Importantly, The Placer Superior Court has not ruled on any Motions since the case was transferred from Riverside Superior Court on January 23, 2023. The "Doe" defendants are not required because they have not been served.

## FEDERAL QUESTION JURISDICTION EXISTS

This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it arises under a federal statute, namely, the ADA [42 U.S.C. §§ 12101, et seq.].

The complaint alleged as follows:

(1) FRAUD CONSTRUCTIVE FRAUD
(2) NEGLIGENCE NEGLIGENT
(3) MISREPRESENTATION
(4) PROMISSORY ESTOPPEL
(5) WRONGFUL FORECLOSURE
(6) BREACH OF CONTRACT
(7) BREACH OF COVENANT OF GOOD
(8) FAITH AND FAIR DEALING
(9) VIOLATION DODD-FRANK WALL STREET AND CONSUMER PROTECTION ACT OF 2010.
(10) VIOLATION of Real Estate Settlement Procedures Act (RESPA) Truth in Lending Act (TILA)

Pursuant to 28 U.S.C. § 1367, this Court has the discretion to exercise supplemental jurisdiction over the state law claim in Plaintiff's Complaint because the state law claim is transactionally related to Plaintiff's ADA cause of action. The state law claim derives from the same common

nucleus of operative facts as the federal claim. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966); Emich, 846 F.2d at 1196.

## CONCLUSION

Because this civil action presents a federal question, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that they may have an opportunity to brief the Court more fully on the basis for this removal.

Date April 12, 2023

Respectfully submitted.

CONCETTA MANZANO S
_____

GEORGE F. SEMIL JR
_____

PETITIONERS IN PRO PER

5